**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DISPLAY TECHNOLOGIES, LLC,

Plaintiff,

v.

OMRON HEALTHCARE, INC.

Defendant.

Civil Action No.: 1:21-cv-04783-FUV

**DEFENDANT OMRON HEALTHCARE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Omron Healthcare, Inc. ("Omron" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Display Technologies, LLC ("Plaintiff") as follows:

**PARTIES AND JURISDICTION**

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

RESPONSE: Paragraph 1 does not contain any factual allegations requiring a response. To the extent any allegations require a response, Defendant denies them.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

RESPONSE: Admitted that this purports to be an action for patent infringement and denied that Omron infringes any valid claim of any asserted patent.

3. Plaintiff is a Texas limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

RESPONSE: Defendant at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, and on that basis denies them.

4. On information and belief, Defendant is a Delaware corporation with a principal place of business at 1925 West Field Ct, Ste 100, Lake Forest, IL 60045. On information and belief, Defendant may be served through its registered agent, C T Corporation System, 208 So Lasalle St, Suite 814, Chicago, IL 60604.

RESPONSE: Admitted.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

RESPONSE: Admitted that this Court has personal jurisdiction over Defendant for purposes of this Action. Defendant denies it has committed any acts of infringement.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District

RESPONSE: Admitted that Defendant sells products and makes software that is used in this District. Defendant denies it has committed any acts of infringement.

**VENUE**

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is a resident of this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District

RESPONSE: Admitted that Defendant resides in this District. Denied that it has committed acts of infringement in this, or any, District.

**COUNT I**
**(INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)**

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

RESPONSE: Defendant incorporates each of its responses to Compl. ¶¶ 1-7 as though fully set forth herein.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

RESPONSE: Admitted that this purports to be an action for patent infringement and denied that Omron infringes any valid claim of any asserted patent.

10. Plaintiff is the owner by assignment of the '723 Patent with sole rights to enforce the '723 Patent and sue infringers

RESPONSE: Admitted that the complaint alleges infringement of U.S. Patent No. 9,300,723 (the "'723 Patent" or "Asserted Patent") and denied that Defendant infringes any valid claim of the Asserted Patent. Defendant at present is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations set forth in Paragraph 10, and on that basis denies them.

11. A copy of the '723 Patent, titled "Enabling social interactive wireless communications," is attached hereto as Exhibit A.

RESPONSE: Admitted that the '723 Patent is titled as alleged.

12. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

RESPONSE: Denied.

13. Defendant has infringed and continues to infringe one or more claims, including at least Claim 1 of the '723 Patent by making, using, and/or selling media systems covered by one or more claims of the '723 Patent. For example, Defendant makes, uses, and/or sells the Omron Connect health app, Omron BP monitor, associated software, hardware and/or apps, and any similar products ("Product"). Defendant has infringed and continues to infringe the '723 Patent in violation of 35 U.S.C. § 271.

RESPONSE: Denied

14. Regarding Claim 1, the Product is a media system. The Product includes a media system (e.g., health app) configured to allow a user to view a media file (e.g., health data) from a medical device by a media terminal (e.g., smartphone) from a media node (e.g., medical device) over a communication network (e.g., Bluetooth network) through a communication link. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein. [images omitted]

RESPONSE: Admitted that the images shown in Paragraph 14 depict certain of Omron's products and denied that any such products infringe any valid claim of the Asserted Patent. With respect to any remaining allegations in Paragraph 14, denied.

15. The Product includes at least one media terminal disposed in an accessible relation to at least one interactive computer network. For example, the Bluetooth network is used for sending health data from a media node (medical device) by detecting a smartphone (at least one media terminal) when the Product's app is installed on the smartphone and connected with the Product's media node through a Bluetooth network (i.e., the smartphone is in an accessible relationship with the interactive computer network). Certain aspects of this element are

illustrated in the screenshots below and/or in those provided in connection with other allegations herein. [images omitted]

RESPONSE: Admitted that the images shown in Paragraph 15 depict certain of Omron's products and denied that any such products infringe any valid claim of the Asserted Patent. With respect to any remaining allegations in Paragraph 15, denied.

16. A wireless range is structured to permit authorized access to the at least one interactive computer network. For example, the Bluetooth signals of the Product's medical device (media node) have a range within which the smartphone (media terminal) may connect.

RESPONSE: Admitted that the images shown in Paragraph 16 depict certain of Omron's products and denied that any such products infringe any valid claim of the Asserted Patent. With respect to any remaining allegations in Paragraph 16, denied.

17. At least one media node is disposable within the wireless range, wherein the at least one media node is detectable by the at least one media terminal. For example, the Product's medical device (media node) is detectable by the media terminal (smartphone). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein. [images omitted]

RESPONSE: Admitted that the images shown in Paragraph 17 depict certain of Omron's products and denied that any such products infringe any valid claim of the Asserted Patent. With respect to any remaining allegations in Paragraph 17, denied.

18. At least one digital media file is initially disposed on at least one of the at least one media terminal or the at least one media node and the at least one media terminal is structured to detect the at least one media node disposed within the wireless range. For example, the health data is initially disposed on the media node (medical device/monitor) and the media

terminal can detect the medical device when it is within the appropriate range. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein. [images omitted]

RESPONSE: Admitted that the images shown in Paragraph 18 depict certain of Omron's products and denied that any such products infringe any valid claim of the Asserted Patent. With respect to any remaining allegations in Paragraph 18, denied.

19. A communication link is structured to dispose the at least one media terminal and the at least one media node in a communicative relation with one another via the at least one interactive computer network. For example, the smartphone and medical device are in a communicative relation over the Bluetooth network. [images omitted]

RESPONSE: Admitted that the images shown in Paragraph 19 depict certain of Omron's products and denied that any such products infringe any valid claim of the Asserted Patent. With respect to any remaining allegations in Paragraph 19, denied.

20. The communication link is initiated by the at least one media terminal. For example, when the user turns on Bluetooth on the smartphone (media terminal), the smartphone initiates the communication link. [images omitted]

RESPONSE: Admitted that the images shown in Paragraph 20 depict certain of Omron's products and denied that any such products infringe any valid claim of the Asserted Patent. With respect to any remaining allegations in Paragraph 20, denied.

21. The at least one media node and the at least one media terminal are structured to transmit the at least one digital media file therebetween via the communication link. For example, the smartphone/app and the medical device are structured to transmit health data from the device to the smartphone over the wireless network. [images omitted]

RESPONSE: Admitted that the images shown in Paragraph 21 depict certain of Omron's products and denied that any such products infringe any valid claim of the Asserted Patent. With respect to any remaining allegations in Paragraph 21, denied.

22. The communication link is structured to bypass at least one media terminal security measure for a limited permissible use of the communication link by the media node to only transferring the at least one digital media file to, and displaying the at least one digital media file on, the at least one media terminal. For example, the communication link is structured so that whenever the user installs the Product's app on the smartphone (media terminal), the smartphone automatically connects (bypassing any security measures) with the Product's medical device through Bluetooth code (i.e., media terminal security) whenever the smartphone comes to the range of the Bluetooth signals (for the limited purpose of transferring data form the device to the smartphone). [images omitted]

RESPONSE: Admitted that the images shown in Paragraph 22 depict certain of Omron's products and denied that any such products infringe any valid claim of the Asserted Patent. With respect to any remaining allegations in Paragraph 22, denied.

23. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

RESPONSE: Defendant denies that its products or actions infringe, and therefore denies the allegations of this Paragraph.

24. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

RESPONSE: Denied.

25. Plaintiff is in compliance with 35 U.S.C. § 287.

RESPONSE: Defendant at present is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and on that basis denies them.

**RESPONSE TO PRAYER FOR RELIEF**

Omron denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the ’723 Patent or that Plaintiff is entitled to any of its requested relief, or other relief of any kind.

**AFFIRMATIVE AND OTHER DEFENSES**

Omron alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, Omron specifically reserves all rights to allege additional defenses that become known through the course of discovery. For its affirmative defenses to the Complaint, Omron alleges as follows:

***First Affirmative Defense***
**(Non-Infringement)**

Omron has not infringed and is not infringing, directly or indirectly, any valid and enforceable asserted claim of the asserted patents.

***Second Affirmative Defense***
**(Invalidity)**

One or more asserted claims of the asserted patents is invalid and/or unenforceable for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112 and/or 171.

***Third Affirmative Defense***
**(Equitable Defenses)**

Plaintiffs' Count 1 is barred, in whole or in part, by laches, equitable estoppel, estoppel, implied license, waiver, ratification, acquiescence, unclean hands, and/or other related equitable doctrines.

***Fourth Affirmative Defense***
**(Limitations On Damages)**

Plaintiff may not recover some or all of the alleged damages, including but not limited to pre-suit damages, as a consequence of, among other things, the requirements of 35 U.S.C. §§ 286 and 287.

**RESERVATION OF DEFENSES**

Defendant reserves the right to assert additional defenses in the event that discovery or other analyses indicate that additional defenses are warranted.

WHEREFORE, Omron denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the asserted patent, and further denies that Plaintiff is entitled to any judgment against Omron whatsoever. Omron asks that the Complaint be dismissed with prejudice, that judgment be entered for Omron, and that Omron be awarded its attorneys' fees and costs incurred in this action, together with such other relief the Court deems appropriate.

Date: January 26, 2022

*/s/ Thomas L. Duston*
Thomas L. Duston
Raymond R. Ricordati, III
Chelsea M. Murray
John J. Lucas

MARSHALL, GERSTEIN & BORUN LLP
233 S. Wacker Drive, 6300 Willis Tower
Chicago, IL 60606
T: 312.474.6300
F: 312.474.0448
E: tduston@marshallip.com
E: rricordati@marshallip.com
E: cmurray@marshallip.com
E: jlucas@marshallip.com

*Attorneys for Defendant*
*Omron Electronics LLC*